IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **STACEY SNYDER**<br>**Plaintiff** | : CIVIL ACTION<br>:<br>: |
| v. | : NO. 07-1660<br>: |
| **MILLERSVILLE UNIVERSITY, et al.**<br>**Defendants** | :<br>: |

## ORDER

AND NOW, this 17th day of September, 2007, upon consideration of Defendant's Motion to Dismiss, Plaintiff's Answer, and Defendant's Reply Memorandum of Law, it is hereby ORDERED that Defendant's Motion to Dismiss is **GRANTED in part**, as follows:

1. Plaintiff brings three claims under 42 U.S.C. § 1983 against Defendant Millersville University, a public university, and against Defendants Dr. Jane S. Bray, J. Barry Girvin, and Dr. Vilas A. Prabhu in their official and individual capacities.

2. Plaintiff seeks an order requiring Defendants to take all necessary steps to ensure that the Commonwealth of Pennsylvania issues Plaintiff an initial teaching certificate. Plaintiff also seeks compensatory damages in excess of $150,000 as well as punitive damages against the individual defendants, reimbursement for Plaintiff's legal fees, and statutory interest as well as costs of the suit.

1

3. Defendant has moved to dismiss Plaintiff's claims, arguing *inter alia* that the Eleventh Amendment bars Plaintiff's § 1983 claims.

4. In deciding a Rule 12(b)(6) motion to dismiss, I must accept as true the factual allegations in the complaint. See Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007); In re Rockefeller Ctr. Props., Inc., 311 F.3d 198, 215 (3d Cir. 2002). "The inquiry is not whether plaintiffs will ultimately prevail on the merits, but whether they should be afforded an opportunity to offer evidence in support of their claims." Rockefeller Ctr., 311 F.3d at 215. Plaintiff must allege facts sufficiently detailed to "raise a right to relief above the speculative level," and must "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 at 1964-65, 1974; see also Charles v. Lawyers Title Ins. Corp., 2007 WL 1959253 (D. N.J. July 3, 2007) (applying Twombly standard to Rule 12© motion); Hogue v. Palisades Collection, LLC, 2007 WL 1892938, at *2 (S.D. Iowa July 3, 2007) (Twombly standard applies to all cases, not just antitrust actions); Osakwe v. Dept. of Homeland Sec., 2007 WL 1886249, at *3 n.2 (S.D. Tex. June 29, 2007). In reciting the facts below, I have accepted all Plaintiff's allegations as true.

5. From June 2002 until May 2006, Plaintiff attended Millersville University where she sought a Bachelor of Science in Education degree. As a prerequisite to receiving her BSE, Plaintiff was a student teacher at Conestoga Valley High School during the Spring

2

of 2006. After several months of student teaching, on May 8, 2006, Plaintiff was asked not to return to Conestoga Valley High School. On May 11, 2006, Plaintiff met with her supervisors who showed her a picture and some text that they had downloaded from her My Space webpage, and which they considered "unprofessional." Following this meeting, J. Barry Girvin, Plaintiff's supervisor in the Millersville Student Teaching Program, prepared a revised evaluation of Plaintiff's student teaching performance in which he lowered Plaintiff's mid-evaluation rating in the "professionalism" category from "superior" to "unsatisfactory."

6. On May 12, 2006, Plaintiff met with Dr. Jane S. Bray, Dean of Millersville University's School of Education. Dean Bray informed Plaintiff that as a result of her unsatisfactory rating at Conestoga Valley High School, she was no longer eligible for a BSE degree and would instead graduate with a Bachelor of Arts degree in English.

7. In January 2007, Plaintiff requested that Millersville University provide her with an impartial hearing on this matter. In February 2007, Dr. Vilas A. Prabhu, the Provost and Vice President for Academic Affairs at Millersville University, held an "academic dismissal" hearing for Plaintiff. At that hearing Dr. Prabhu determined that the matter had been "fairly resolved."

8. In her Amended Complaint, Plaintiff asserts three claims under 42 U.S.C. § 1983. First, Plaintiff alleges that Defendants violated her right to freedom of speech under the First Amendment by expelling her from the School of Education for posting a photograph and caption on My Space. Second, Plaintiff alleges that Defendants violated her right to procedural due process under the Fifth and Fourteenth Amendments by failing to provide adequate procedural measures before dismissing Plaintiff from the School of Education. Third, Plaintiff alleges that Defendant Millersville University violated her rights because it failed to train its employees concerning state certification evaluations, the process required prior to expulsion decisions, and the First Amendment rights of its students.

9. Defendant argues that Plaintiff's § 1983 claims against Millersville University and its employees are barred by the Eleventh Amendment of the United States Constitution and by Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989).

10. Under Will, neither a state nor state officials sued in their official capacities for money damages are "persons" under 42 U.S.C. § 1983. Will, 491 U.S. at 66.

11. Accordingly, Plaintiff's § 1983 claims against Millersville University are **DISMISSED** with prejudice pursuant to Fed. R. Civ. P 12(b)(6).

12. Pursuant to both Will and to the Third Circuit's application of that case, however, a state official may be sued in his or her official capacity under § 1983 when the plaintiff seeks injunctive relief because actions for prospective relief are not treated as actions against the state. Will, 491 U.S. at 71 n. 10; Melo v. Hafer, 912 F. 2d 628, 635 (3d Cir. 1990); aff'd 502 U.S. 21, 112 S. Ct. 358 (1991) (a state official sued for injunctive relief in his or her official capacity is considered a "person" for purposes of § 1983).

13. Accordingly, with regard to Plaintiff's § 1983 claims against Defendants Dr. Jane S. Bray, J. Barry Girvin, and Dr. Vilas A. Prabhu in their official capacities, Plaintiff shall be granted thirty days to amend her request for relief so that it is limited to injunctive relief only.

14. Additionally, although state officials may not be sued in their official capacities for monetary relief, a state official may be sued in his or her individual capacity where the plaintiff seeks recovery from the individual's assets because such actions are similarly not treated as actions against the state. Melo, 912 F. 2d at 635 (3d Cir. 1990); aff'd 502 U.S. 21 (1991) (state officers may be personally liable for damages under § 1983 based upon actions taken in their official capacities). Moreover, when a plaintiff's claims against a defendant in his or her individual capacity are ambiguous, the plaintiff should be given leave to amend those claims. Id. at 636.

15. As presented in her Amended Complaint, Plaintiff's claims against Defendants in their individual capacities are extremely unclear. Accordingly, with regard to Plaintiff's § 1983 claims for damages against Defendants Dr. Jane S. Bray, J. Barry Girvin, and Dr. Vilas A. Prabhu in their individual capacities, Plaintiff shall be granted thirty days to amend her pleading with adequate specificity. Failure to amend will result in dismissal of Plaintiff's claims against the named Defendants in their individual capacities.

16. Plaintiff has also brought claims for violation of the Public School Code of 1949 and Title 53 of the Pennsylvania Code, intentional infliction of emotional distress, and breach of contract. These are state law claims over which I may exercise pendent jurisdiction if they are so related to Plaintiff's § 1983 claims that they form part of the same case or controversy. See 28 U.S.C. § 1367(a); Lucas v. Township of Bethel, 319 F.3d 595, 600 (3d Cir. 2003). Accordingly, I will reserve ruling on Plaintiff's state law claims at this time.

**AND IT IS SO ORDERED.**

_____
**Paul S. Diamond, J.**