IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STACY SNYDER, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| MILLERSVILLE UNIVERSITY, et al. | : | 07-1660 |
| Defendants. | : | |

**COMMONWEALTH DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT**

J. Barry Girvin, Dr. Jane S. Bray and Dr. Vilas A. Prabhu (together "Commonwealth defendants"), hereby answer plaintiffs' Second Amended Complaint.

1. Admitted it is denied that Millersville University ("MU") is a defendant.

2. These allegations constitute conclusions of law to which no response is required.

3. Admitted that Bray is Dean of MU School of Education with the business address as alleged. The remaining allegations constitute conclusions of law to which no response is required.

4. Admitted that Girvin supervised plaintiff in MU's student teaching program. The remaining allegations constitute conclusions of law to which no response is required.

5. Admitted that Prabhu is MU Provost. The remaining allegations constitute conclusions of law to which no response is required.

6. These allegations constitute conclusions of law to which no response is required.

7. These allegations constitute a statement of jurisdiction to which no response is required.

8. These allegations constitute a statement of venue to which no response is required.

9. Commonwealth defendants have no personal knowledge or information to form a belief as to the truth of these allegations. All their knowledge about these allegations is derived from documents that have been produced in this litigation and which are in the possession of plaintiff. The documents speak for themselves.

10. Commonwealth defendants have no personal knowledge or information to form a belief as to the truth of these allegations. All their knowledge about these allegations is derived from documents that have been produced in this litigation and which are in the possession of plaintiff. The documents speak for themselves.

11. Commonwealth defendants have no personal knowledge or information to form a belief as to the truth of these allegations. All their knowledge about these allegations is derived from documents that have been produced in this litigation and which are in the possession of plaintiff. The documents speak for themselves.

12. Commonwealth defendants have no personal knowledge or information to form a belief as to the truth of these allegations. All their knowledge about these allegations is derived from documents that have been produced in this litigation and which are in the possession of plaintiff. The documents speak for themselves.

13. Commonwealth defendants have no personal knowledge or information to form a belief as to the truth of these allegations. All their knowledge about these allegations is derived from documents that have been produced in this litigation and which are in the possession of plaintiff. The documents speak for themselves.

14. Commonwealth defendants have no personal knowledge or information to form a

belief as to the truth of these allegations. All their knowledge about these allegations is derived from documents that have been produced in this litigation and which are in the possession of plaintiff. The documents speak for themselves.

15. Admitted.

16. Admitted that Girvin observed plaintiff. The documents speak for themselves.

17. Admitted that Girvin prepared the evaluation. The documents speak for themselves.

18. Admitted that Reinking prepared the evaluation. The documents speak for themselves.

19. Admitted that Girvin prepared the evaluation. The documents speak for themselves.

20. The documents speak for themselves.

21. Denied that plaintiff's performance improved dramatically. The documents speak for themselves.

22. The documents speak for themselves.

23. The documents speak for themselves.

24. The documents speak for themselves.

25. The documents speak for themselves.

26. Admitted that Buffington forbade plaintiff from entering CV until May 11, 2006; and that at some point plaintiff called Girvin. Girvin was not able to "disclose any further information" at that point in time because he was not aware of such information. The remaining allegations are not directed to answering defendants and defendants were not privy to the conversation between plaintiff and Buffington.

27. Admitted that plaintiff and Girvin spoke. Girvin had few details at that point in time. Plaintiff did not possess a teaching certificate at that time; thus, she could not "lose" it. The remaining allegations are denied as stated.

28. Admitted that Girvin prepared the evaluation. The documents speak for themselves.

29. The documents speak for themselves.

30. Admitted that plaintiff, Girvin, Reinking and Buffington met to review plaintiff's final evaluation. The remaining allegations are denied as stated.

31. The document speaks for itself. Denied that plaintiff was "expelled" from MU.

32. The first and third sentences are admitted. The second sentence is denied. Girvin does not recall whether Buffington cited examples of students who saw the picture.

33. The first sentence is admitted. Commonwealth defendants have no personal knowledge or information to form a belief as to the truth of the remaining allegations.

34. Admitted that Girvin prepared the evaluation. The documents speak for themselves.

35. Denied as stated.

36. Admitted that plaintiff met with Bray. The remaining allegations are denied as stated.

37. Denied as stated.

38. The documents speak for themselves. All factual allegations are denied.

39. The first sentence is admitted. Defendants have no personal knowledge or information to form a belief as to the truth of these allegations that plaintiff has sought to obtain the teaching certification from PDE.

40. Defendants have no personal knowledge or information to form a belief as to what plaintiff believes.

41. Denied.

42. These allegations constitute conclusions of law to which no response is required.

43. These allegations constitute conclusions of law to which no response is required. All factual allegations are denied.

44. These allegations constitute conclusions of law to which no response is required. All factual allegations are denied.

45. These allegations constitute conclusions of law to which no response is required.

46. Denied as stated.

47. The documents speak for themselves.

48. These allegations constitute conclusions of law to which no response is required.

49. The documents speak for themselves.

50. These allegations constitute conclusions of law to which no response is required.

51. These allegations constitute conclusions of law to which no response is required.

52. The documents speak for themselves.

53. The documents speak for themselves.

54. The documents speak for themselves.

55. These allegations constitute conclusions of law to which no response is required.

56. These allegations constitute conclusions of law to which no response is required.

57. The documents speak for themselves.

58. The documents speak for themselves.

59. These allegations constitute conclusions of law to which no response is required.

60. These allegations constitute conclusions of law to which no response is required.

61. These allegations constitute conclusions of law to which no response is required.

62. These allegations constitute conclusions of law to which no response is required.

63. These allegations constitute conclusions of law to which no response is required. All factual allegations are denied.

64. These allegations constitute conclusions of law to which no response is required. All factual allegations are denied.

65. These allegations constitute conclusions of law to which no response is required. All factual allegations are denied.

66. These allegations constitute conclusions of law to which no response is required. All factual allegations are denied.

67. These allegations constitute conclusions of law to which no response is required. All factual allegations are denied.

68. The document speaks for itself.

69. Denied.

70. Denied as stated.

71. These allegations constitute conclusions of law to which no response is required.

72. These allegations constitute conclusions of law to which no response is required.

73. These allegations constitute conclusions of law to which no response is required.

74. These allegations constitute conclusions of law to which no response is required.

75. These allegations constitute conclusions of law to which no response is required.

76. No response is required.

77. These allegations constitute conclusions of law to which no response is required.

78. These allegations constitute conclusions of law to which no response is required.

79. These allegations constitute conclusions of law to which no response is required.

80. These allegations constitute conclusions of law to which no response is required.

81. These allegations constitute conclusions of law to which no response is required.

82. These allegations constitute conclusions of law to which no response is required.

83. These allegations constitute conclusions of law to which no response is required.

84. These allegations constitute conclusions of law to which no response is required.

85. These allegations constitute conclusions of law to which no response is required.

86. These allegations constitute conclusions of law to which no response is required.

87. No response is required.

88. These allegations constitute conclusions of law to which no response is required.

89. No response is required.

90. These allegations constitute conclusions of law to which no response is required.

91. These allegations constitute conclusions of law to which no response is required.

92. These allegations constitute conclusions of law to which no response is required.

93. These allegations constitute conclusions of law to which no response is required.

94. These allegations constitute conclusions of law to which no response is required.

95. No response is required.

96. These allegations constitute conclusions of law to which no response is required.

97. These allegations constitute conclusions of law to which no response is required.

98. No response is required.

99. These allegations constitute conclusions of law to which no response is required.

100. No response is required.

101. These allegations constitute conclusions of law to which no response is required.

102. These allegations constitute conclusions of law to which no response is required.

103. These allegations constitute conclusions of law to which no response is required.

104. These allegations constitute conclusions of law to which no response is required.

**Affirmative Defenses**

1. Defendants have qualified immunity from the damages claims asserted against them in their individual capacities.

2. The Second Amended Complaint fails to state a claim upon which relief may be granted.

                                  THOMAS W. CORBETT, JR.
                                  ATTORNEY GENERAL

                 BY:    <u>s/s Barry N. Kramer</u>
                           BARRY N. KRAMER
                           Senior Deputy Attorney General
                           Identification No. 41624

                           Susan J. Forney
                           Chief Deputy Attorney General
                           Civil Litigation Section

Office of Attorney General
21 South 12th Street, 3rd Floor
Philadelphia, PA 19107-3603
Telephone: (215) 560-1581
Fax:    (215) 560-1031

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STACY SNYDER, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MILLERSVILLE UNIVERSITY, | : | |
| et al. | : | 07-1660 |
| | : | |
| Defendants. | : | |

**CERTIFICATE OF SERVICE**

I, Barry N. Kramer hereby certify that on February 15, 2008, Commonwealth Defendants' Answer and Affirmative Defenses to Second Amended Complaint has been filed electronically and is available for viewing and downloading from the Court's Electronic Case Filing System. The ECF System's electronic service of the Notice of Electronic Case Filing constitutes service on all parties who have consented to electronic service:

    Mark W. Voigt, Esquire
    Plymouth Meeting Executive Campus
    Suite 400
    600 West Germantown Pike
    Plymouth Meeting, PA 19462

                                  BY:    s/s Barry N. Kramer
                                                BARRY N. KRAMER