IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STACY SNYDER, | : | |
|     Plaintiff | : | CIVIL ACTION |
| | : | |
| v. | : | NO.: 07-1660 |
| | : | |
| MILLERSVILLE UNIVERSITY, J. BARRY GIRVIN, DR. JANE S. BRAY, and DR. VILAS A. PRABHU, | : : : | JURY TRIAL DEMANDED |
|     Defendants | : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT AND ADD DR. JUDITH WENRICH AND DR. BEVERLY SCHNELLER AS ADDITIONAL DEFENDANTS**

**I. ISSUE PRESENTED**

**A. Whether the Court Should Permit Plaintiff to File a Third Amended Complaint Since, During Her Recent Deposition, Bray Claimed Wenrich and Schneller, Not Bray, Denied Plaintiff Her BSE Degree and Teaching Certificate in Violation of Plaintiff's First Amendment Rights?**

**SUGGESTED ANSWER: YES.**

**II. STATEMENT OF FACTS**

The pertinent facts and procedural history are set forth at length in Plaintiff's Motion for Leave to File Third Amended Complaint as well as the Third Amended Complaint, attached hereto. For the sake of brevity, they will not be repeated here.

**III. ARGUMENT**

Concerning amended and supplemental pleadings, Rule 15 of the Federal Rules of Civil Procedure provides, in pertinent part:

> "**(A) Amendments.** A party may amend the party's pleading once as
> a matter of course at any time before a responsive pleading is served

1

> . . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; **and leave shall be freely given when justice so requires.** A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within ten days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders." (Emphasis added.)

Rule 15(a) creates a "strong presumption" in favor of permitting an amendment to the party's pleading. *See, e.g., Lowry v. Texas A & M Univ. System*, 117 F.3d 242 (5th Cir. 1997). Leave to amend is most often denied where allowing an amendment would create unfair prejudice to another party. *See, e.g., Ross v. Jolly*, 151 F.R.D. 562, 565 (E.D. Pa. 1993).

In the case at bar, "justice so requires" the Court grant Plaintiff leave to file a Third Amended Complaint. On March 3, 2008, undersigned counsel took Bray's deposition. Previously, Plaintiff assumed Bray, in collaboration with Girvin and Prabhu, were the MU officials responsible for the denial of her BSE and teaching certification. Surprisingly, during her deposition, Bray blamed Wenrich and Schneller for these misdeeds. Bray asserted she was only responsible for dismissing Plaintiff's perfunctory administrative appeal after Girvin, Schneller and Wenrich already denied Plaintiff her BSE and teaching certificate.

During his deposition, Girvin professed innocence, fingering Bray as the mastermind behind the events in question. The parties have scheduled Wenrich's deposition for Friday, March 7, 2008. Schneller's deposition has yet to be scheduled. Thus, it remains to be seen whom these two will blame for the calamity which befell Plaintiff.

Discovery also recently revealed Wenrich interviewed Buffington on or about May 8, 2008. In her notes, Wenrich recorded Buffington's opinion that the "drunken pirate" incident was " the straw that broke the camel's back," compelling the destruction of Plaintiff' teaching career. Wenrich

2

also reviewed a note from Buffington soon after the "drunken pirate" incident came to light. In it, Buffington threatens to bar future MU student-teachers from serving their internships at CV unless MU denies Plaintiff her BSE and teaching certificate.

Bray's testimony reveals Wenrich and Schneller, in order to protect MU's student teaching pipeline with CVSD, concocted the plan under which MU would award Plaintiff a BA in English rather than a BSE. Schneller agreed (without any policy authority) to convert some of Plaintiff's general education credits into English Department credits. This switch created the appearance that Plaintiff met the requirements for a BA in English, thereby lessening the chance that MU officials would discover Defendants' misdeeds. Schneller signed the necessary forms authorizing Plaintiff's new degree and made these forms part of Plaintiff's official record. Clearly, these facts meet the "justice so requires" requirement of Rule 15(a).

Moreover, Defendants cannot show any prejudice due to the timing of this motion. Discovery only commenced a few weeks ago. Schneller and Wenrich are employees and high-ranking officials at MU. Both are undoubtedly well aware of the litigation. The parties already have scheduled Wenrich's deposition for Friday, March 7, 2008, and Plaintiff expects no difficulty in scheduling Schneller's. Accordingly, the requirements of Rule 15(a) are satisfied.

Similarly, Rule 20(a) of the Federal Rules if Civil Procedure provides for liberal permissive joinder of additional parties:

> **(A) Permissive Joinder.** . . . All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of **the same transaction, occurrence, or series of transactions or occurrences** and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defendant against all the relief demanded.

> Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities." (Emphasis added.)

Courts liberally grant permissive joinder under Rule 20(a). To meet the "same transaction or occurrence" test, a plaintiff merely must demonstrate a substantial logical relationship between the transactions or occurrences at issue. *See, e.g., Mosley v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974). Similarly, Rule 20(a) only requires a single basis for commonality, either in law or fact, for the joinder. *See, e.g., Dougherty v. Mieczkowski*, 661 F.Supp. 267, 278 (D. Del. 1987).

In the case at bar, Plaintiff's claims against Schneller and Wenrich arise directly from the "drunken pirate" incident and the denial of Plaintiff's BSE and teaching certificate. Thus, Plaintiff easily meets the "same transaction or occurrence" test. Similarly, Defendants' actions in violation of Plaintiff's First Amendment rights are the "common question of fact or law" linking Schneller and Wenrich with the other Defendants. Thus, Plaintiff also meets the second prong of the permissive joinder test.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff, Stacy Snyder, respectfully requests this Honorable Court **GRANT** her Motion for Leave to File Third Amend Complaint and Add Additional Judith Wenrich and Beverly Schneller as Additional Defendants in accordance with the attached Proposed Order.

Dated: 3/7/08

Respectfully submitted,

**LAW OFFICE OF MARK W. VOIGT**

BY: */s/ Mark W. Voigt*
**MARK W. VOIGT, ESQUIRE**
Attorney I.D. No. 64387

Validation of Signature Code: MWV6003
Plymouth Meeting Executive Campus, Suite 400
600 West Germantown Pike
Plymouth Meeting, PA 19462
(610) 940-1709
(Attorney for Plaintiff, Stacy Snyder)