IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STACY SNYDER, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MILLERSVILLE UNIVERSITY, | : | |
| et al. | : | 07-1660 |
| | : | |
| Defendants. | : | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT**

In response to defendants' motion for summary judgment, plaintiff fails to raise any genuine dispute as to any material fact. Defendants merely wish to emphasize several points in this reply brief.

**A.    Plaintiff's Internet Posting Was Not Constitutionally Protected Because It Fails The Two-Part Particularized Message Test And Was Of No Public Concern**

Plaintiff completely fails to address defendants' primary argument that plaintiff's internet posting fails the two-part particularized message test and the requirement that there must also be some matter of public concern expressed.  Moreover, she does not address defendants' argument that even in the school speech cases, such as Tinker v. Des Moines Indep. Comm. S.D., 393 U.S. 503 (1969), plaintiff must show that there was some intent to publicly express an idea on a matter of public concern. Plaintiff's explicit deposition testimony is that the posting was an entirely private matter that was not

intended for distribution to or viewing by anyone other than her closest girlfriends. Snyder at 185-186, 214, 248. See Complaint ¶¶ 28, 29, 39, 56-57. She also testified that the posting had no references whatsoever to MU or CV personnel. Snyder at 164-168, 173, 192, 211-212, 241-242.

Despite plaintiff's testimony, her counsel asserts that the posting was really about misconduct by CV and/or MU. Plaintiff's Memorandum at 18-19. Plaintiff's counsel's explanation of the posting, however, reinforces defendants' point that where explanatory speech is necessary for an understanding of the posting, the conduct at issue does not warrant constitutional protection. On its face, plaintiff's posting--picture and blog--does not convey any message and no message would be understood by those who viewed. On its face, the posting does not refer to CV, MU, Reinking, Girvin, Buffington or any school or school personnel by name, position, location, responsibilities or conduct. On its face, it does not identify plaintiff in any way. It contains no hint of protest against "misconduct" by any MU or CV personnel. A viewer has no way of knowing plaintiff's identity, that she was enrolled at MU, was a student teacher at CV or that she was upset about the actions of any particular school or school personnel.

B.  **IN THE ALTERNATIVE, Plaintiff's Claim Fails Under The Public Employee Analysis Because Status As A Student Teacher Puts Her For Present Purposes In The Status Of Public Employee And She Fails To Show The Posting Addressed A Matter Of Public Concern**

Plaintiff asserts that she should not be treated as a public employee but, instead, as a student under the Tinker standard. It makes no sense to apply Tinker to the present context and, in any event, defendants have never asserted that plaintiff's posting caused a substantial disruption or was lewd or obscene. Plaintiff fails to distinguish the Circuit

Court decisions cited by defendants and ignores defendants' citation to Feldman v. Community College of Allegheny, 85 Fed. Appx. 821, 824 (3d Cir. 2004) There, the Third Circuit held that Tinker was inapposite and rejected a college student's claim that college administrators violated his First Amendment rights by subjecting him to arrest in retaliation for his statements to the College's president because his conflict was merely a private dispute. Plaintiff points to no case from any court supporting her argument that she should be treated as a student under the Tinker standard for purposes of her First Amendment claim. While the Pennsylvania Code may define a "teacher" or "professional employee," those statutory definitions are for purposes of applying Pennsylvania law and regulations and not federal First Amendment jurisprudence.

**C.     Even If The Court Concludes That Plaintiff's Posting Constituted Protected Activity, Defendants Escape Liability Because They Would Have Acted The Same Even If Plaintiff Had Not Posted The Picture On The Internet**

Defendants do not argue absence of "causation." They do argue, however, that plaintiff has failed to raise any issue of material fact that the defendants did not rely on the posting to take their various actions. Plaintiff does not deny that, as alleged by Reinking, she engaged in unprofessional behaviors during the semester and was ill-prepared to teach a course in English because of her lack of content knowledge, poor spelling and grammar and inability to control the students. E.g., Exhibit C-14. See also Snyder at 182-186, 207-212, 216. Plaintiff does not deny that Buffington's decision to bar her from the school was based on plaintiff's unprofessional behavior throughout the entire semester and not just the posting.

In her affidavit, plaintiff asserts for the first time that in a May 9 conversation, Girvin asserted that MU and CV officials were upset about the posting and that,

3

therefore, MU might not award her a degree at all. See Snyder affidavit, ¶ 19, Exhibit A to Plaintiff's Memorandum. By so alleging, plaintiff hopes to impute knowledge and motive to the various defendants about the posting. This testimony, however, contradicts her deposition testimony and should be ignored. See Jiminez v. All American Rathskeller, 503 F. 3d 247, 253 (3d Cir. 2007) (discussing "sham affidavit" rule which provides that an affidavit contrary to deposition testimony does not raise question of fact on a motion for summary judgment). At her deposition, when asked about that conversation with Girvin, plaintiff conspicuously fails to say that Girvin asserted that MU officials were upset about the posting although she did say that the (non-defendant) CV officials were upset. Snyder deposition at 173-179, 200-201, 218-219, 224.[1] In addition, plaintiff now seems to allege that Bray and Wenrich based their actions on the posting. At her deposition, she could only assume that Bray and Wenrich saw and relied on the posting for their actions. See Snyder deposition at 168-170. Again, her affidavit is contrary to her deposition testimony and does not raise material disputes of fact for purposes of defendants' motion for summary judgment.[2] The record leaves no doubt

---

[1] Although not material to the disposition of this case, another example of plaintiff's affidavit testimony contradicting her deposition testimony relates to Reinking's mentoring. In her affidavit, plaintiff asserts that Reinking was not very communicative during the semester. In her deposition, she testified that Reinking was helpful and that plaintiff appreciated that Reinking sought to assist her. Snyder at 84-85, 92-95, 99, 114, 148, 120-121. Plaintiff never complained to Girvin about Reinking until May 9, 2006. Exhibit C-15. See Snyder at 120-122, 130-137, 222-223.

[2] Plaintiff still does not deny that Schneller and Prabhu had no knowledge of the posting and did not consider it at any time relevant to the lawsuit.

that plaintiff's academic record--her failure in student teaching at Conestoga Valley--was the determinative, if not the sole, reason for MU's action.

**D.      Qualified Immunity Bars the Damages Claim**

Contrary to plaintiff's claim, defendants assert that there was no constitutional violation and, even if this court finds otherwise, defendants are entitled to qualified immunity. As argued, plaintiff's conduct is not protected by the First Amendment because it is a private, vague and ambiguous musing with no messag. It is not even evident that the school speech cases apply in this case. In the specific legal context of this case--free speech rights of student teachers on the internet--there is no applicable case law that supports plaintiff's argument. No relevant case holds that an academic action taken by a public university of not awarding a student teacher a passing grade in her teaching practicum and then not conferring upon her a teaching degree violates the First Amendment.

                                                   THOMAS W. CORBETT, JR.
                                                   ATTORNEY GENERAL

BY:    s/s Barry N. Kramer
        BARRY N. KRAMER
        Chief Deputy Attorney General
        Identification No. 41624

Office of Attorney General
21 South 12th Street, 3rd Floor
Philadelphia, PA 19107-3603
Tel:    (215) 560-1581
Fax:   (215) 560-1031

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| STACY SNYDER, | : | CIVIL ACTION |
|---|---|---|
| Plaintiff, | : | |
| v. | : | |
| MILLERSVILLE UNIVERSITY, et al. | : | 07-1660 |
| Defendants. | : | |

**CERTIFICATE OF SERVICE**

I, Barry N. Kramer, hereby certify that on April 22, 2008, Defendants' Reply Memorandum in Support of Motion for Summary Judgment has been filed electronically and is available for viewing and downloading from the Court's Electronic Case Filing System. The ECF System's electronic service of the Notice of Electronic Case Filing constitutes service on all parties who have consented to electronic service:

Mark W. Voigt, Esquire
Plymouth Meeting Executive Campus
Suite 400
600 West Germantown Pike
Plymouth Meeting, PA 19462

BY: s/s Barry N. Kramer
BARRY N. KRAMER